**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4013**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MANUEL L. PAGE,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  David A. Faber, Senior
District Judge.  (5:04-cr-00155-1)

Submitted:  October 11, 2011          Decided:  October 27, 2011

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Christian M. Capece, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  John Lanier
File, Assistant United States Attorney, Beckley, West Virginia;
Monica Kaminski Schwartz, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following the revocation of his supervised release, Manuel Page was sentenced to sixty days of incarceration, followed by six months of community confinement, followed by twenty-four months' supervised release. Page did not object to this sentence. On appeal, Page's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Page's sentence was plainly unreasonable. Page was notified of his right to file a pro se supplemental brief, but has not filed a brief. The Government has declined to file a responsive brief. We affirm.

In reviewing a sentence imposed upon revocation of supervised release, this court "takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006)). We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. Crudup, 461 F.3d at 438. Only if the sentence is procedurally or

2

substantively unreasonable does the inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Id. at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range based upon Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

Page argues that his sentence is greater than necessary to accomplish the goals of supervised release. We disagree. The district court adequately explained the sentence imposed, and we do not find that the sentence was any greater than necessary.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

3

Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Page, in writing, of the right to petition the Supreme Court of the United States for further review. If Page requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Page.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4